UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LISA FOSTER,<br>    Plaintiff,<br><br>    v.<br><br>MIHAIL MAISTRENKO, HIRSCHBACH MOTOR LINES, INC., and HIRSCHBACH, INC.,<br><br>    Defendants. | CAUSE NO.: 2:21-CV-368-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss Defendant Hirschbach, Inc. [ECF No. 8], filed by Defendant Hirschbach, Inc. on November 29, 2021. For the reasons set forth below and in light of the Plaintiff's agreement, the Court grants the motion to dismiss.

**PROCEDURAL BACKGROUND**

The Plaintiff filed her Complaint [ECF No. 5] on October 18, 2021, in the Lake County, Indiana, Circuit/Superior Court against Defendants Mihail Maistrenko, Hirschbach Motor Lines, Inc. ("HMLI"), and Hirschbach, Inc. ("HI"), alleging negligence arising out of a vehicle collision. On November 22, 2021, the Defendants removed the action to this Court. *See* Notice of Removal, ECF No. 1. On November 29, 2021, HI filed the instant Motion to Dismiss Defendant Hirschbach, Inc. [ECF No. 8], seeking to dismiss the claims against HI with prejudice. That same day, the Plaintiff filed a Response to Motion to Dismiss and Voluntarily Dismiss Hirschbach, Inc. [ECF No. 13], agreeing to dismiss the matter as to HI.

**DISMISSAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be

granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

HI seeks dismissal from this case based on HI being an improper party to the Plaintiff's negligence claim. To establish a claim of negligence, a plaintiff must prove: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty[,] and (3) injury to the plaintiff proximately caused by the defendant's breach." *Hayden v. Franciscan All., Inc.*, 131 N.E.3d 685, 693 (Ind. Ct. App. 2019). An employer is vicariously liable for an employee's negligence when the employee is acting "within the scope of employment." *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008) (citation omitted). However, a corporation will generally "not be held liable for the acts of other corporations, including its subsidiaries." *Greater Hammond Cmty. Servs., Inc. v. Mutka*, 735 N.E.2d 780, 784 (Ind. 2000). That said, if a corporation operates as "an alter ego or a mere instrumentality" of another corporation, it may be appropriate to "pierce the veil" and hold that corporation liable. *Reed v. Reid*, 980 N.E.2d 277, 301 (Ind. 2012).

2

Here, HI argues that the Plaintiff fails to state a negligence claim against HI because HI cannot be liable for HMLI or Maistrenko in this case.[1] Regarding HMLI, HI argues that it is HMLI's parent company and that the Plaintiff has not alleged facts indicating that HMLI is an alter ego or a mere instrumentality of HI. The Complaint provides no allegations about the companies' relationship but largely refers to them as interchangeable employers of Maistrenko. *See* Compl. ¶¶ 7, 12–13 (alleging that Maistrenko was employed by "HMLI and/or HI"), ECF No. 5. As for Maistrenko, HI contends that Maistrenko was neither employed by HI nor driving the truck pursuant to any agency relationship with HI. In fact, Maistrenko and HMLI admit in their Answer that Maistrenko was employed by HMLI and he was operating under HMLI's authority. *See* Defs.' Answer ¶¶ 7, 12–13, ECF No. 7. In her response brief, the Plaintiff agrees that HI is not a necessary or proper party to this litigation and should be dismissed with prejudice. Accordingly, dismissal of HI is proper.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Motion to Dismiss Defendant Hirschbach, Inc. [ECF No. 8], and ORDERS that this matter is DISMISSED WITH PREJUDICE as to Defendant Hirschbach, Inc. The case remains pending against Defendants Mihail Maistrenko and Hirschbach Motor Lines, Inc.

SO ORDERED on December 17, 2021.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT

---

[1] HI also argues that it should be dismissed under the fraudulent-joinder doctrine. Because this raises an issue about the Court's subject matter jurisdiction, the Court notes that jurisdiction is proper under 28 U.S.C. § 1332(a) because the parties on each side of the action are citizens of different states, with no Defendant a citizen of the same state as the Plaintiff, and the amount in controversy exceeding $75,000. *See* Notice of Removal ¶¶ 3–5, 7, 11. The Court will not otherwise address the merits of this argument.