UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LISA FOSTER, )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>MIHAIL MAISTRENKO and )<br>HIRSCHBACH MOTOR LINES, INC., )<br>    Defendants. ) | CAUSE NO.: 2:21-CV-368-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Compel [DE 25], filed on July 25, 2023. Defendants move to compel Plaintiff to execute authorizations for access to her medical records.

**I.  Background**

On October 18, 2021, Plaintiff filed a Complaint for injuries resulting from a motor vehicle accident, and the case was removed to this Court by Defendants on November 22, 2021. Discovery began on February 13, 2022 and, after being continued twice at Defendants' request because of their difficulties receiving needed records, is set to close December 29, 2023. Defendants issued authorizations for Plaintiff's medical records, but the version signed by Plaintiff differed from that provided by Defendants. Defendants filed the instant motion on July 25, 2023. seeking authorizations with language that will allow them to receive health records from two of Plaintiff's providers, Wal-Mart and Yahara Family Medicine. Plaintiff filed a response on August 1, 2023, and on August 8, 2023, Defendants filed a reply.

**II.  Analysis**

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged

1

matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (*citing Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Defendants argue that they need Plaintiff's medical records in order to analyze causation issues and the nature and extent of Plaintiff's injuries stemming from the accident at issue in this case. Plaintiff asserts that Defendants' requested discovery is beyond what is permitted concerning her protected health records, since any evidence pertaining to mental health, substance abuse and/or STD/HIV/AIDS are records prohibited from disclosure pursuant to Indiana health information privacy laws. She argues that she has provided signed medical authorizations allowing Defendants to obtain health information other than the excluded topics, and the request for additional information goes beyond the scope of the case. However, Defendants represent that the two out-of-state medical providers will not release any of Plaintiff's records unless the signed

2

authorization includes protected health information, and Defendants cannot subpoena the records since the providers are not in Indiana. Plaintiff has not requested entry of a protective order. Defendants agree to keep confidential any portions of the records pertaining to mental health, substance abuse and/or STD/HIV/AIDS and not to use them as part of the proceedings in this case, or if the records reveal that any of that information is relevant, to file a challenge to the presumption of confidentiality allowing the issue to be litigated.

Defendants seek medical records necessary to determine causation and defend against the claims brought by Plaintiff. The Court finds that Plaintiff has failed to respond to discovery requests as required by the Federal Rules of Civil Procedure and therefore compels her provide the authorization to access medical records as requested. Plaintiff may move for entry of an agreed Protective Order to govern treatment of medical information in this case.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Compel [DE 25] and **DIRECTS** Plaintiff to complete an authorization form for access to her medical records from Wal-Mart and Yahara Family Medicine to allow for the release of protected health information.

Because the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the "nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court hereby **ORDERS** the Defendants to **FILE**, on or before **August 28, 2023**, an itemization

3

of its costs and fees, including attorney's fees, incurred in making the Motion to Compel and an argument as to why it is entitled to these fees, with Plaintiff to **FILE**, on or before **September 11, 2023**, a response with the Court to the request for reasonable expenses incurred in making the instant Motion, with any reply to be filed by **September 28, 2023**.

    SO ORDERED this 11th day of August, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record